W. SHANHOUSE SONS, INC., v. GUDELSKY.

Guaranty—Construction—Special Continuing Guaranty.
    Where contract of guaranty provided that it was ·to cover debts
    thus far contracted not to exceed $1,000, and that, in event
    said debts did not amount to $1,000, guaranty applied to said
    contracted debts and to future debts not to exceed $1,000;
    and it is conceded that, at time guaranty was executed, in-
    debtedness contracted did exceed $1,000, and that it had all
    been paid at time suit was brought, there is no liability; said
    contract not being special continuing guaranty covering sub-
    sequent indebtedness to amount of $1,000.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted June 16, 1932. (Docket No. 76, Calendar
No. 36,582.) Decided September 16, 1932.

Assumpsit by W. Shanhouse Sons, Inc., against
Israel Gudelsky on a contract of guaranty. Judg-
ment for defendant. Plaintiff appeals. Affirmed.

*Harold H. Smedley,* for plaintiff.

*Norris, McPherson, Harrington & Waer,* for de-
fendant.

McDonald, J. This is an appeal from a judg-
ment in favor of the defendant in a suit on the fol-
lowing written guaranty signed by the defendant:

"Whereas, W. Shanhouse Sons, manufacturers,
Rockford, Illinois, have sold merchandise to I. Gudel-
sky & Sons Company, located at Muskegon, Mich-
igan, and are extending credit favors to said com-
pany.

"Therefore, in consideration of such credit favors, I, Israel Gudelsky, hereby guarantee and hold myself personally responsible to W. Shanhouse Sons for the account of I. Gudelsky & Sons Company in an amount not to exceed the sum of $1,000.

"This guarantee covers debts thus far contracted not to exceed the sum of $1,000 and in the event that the debts thus far contracted do not amount to $1,000 this guarantee applies to future bills of merchandise to be contracted by said company, the bills contracted and the future bills together not to exceed the sum of $1,000."

Plaintiff claims the right to recover on the theory that the instrument sued upon is a special continuing guaranty covering subsequent indebtedness to the amount of $1,000. The language of the guaranty will not admit of such a construction. It plainly states that it does not apply to future indebtedness unless the debts due at the time it was given do not amount to $1,000. It is conceded that the debts at that time amounted to $2,541.51, of which amount the defendant guaranteed to pay $1,000. The record shows that at the time of suit the entire indebtedness existing when the guaranty was given had been paid; and that the plaintiff is here seeking to recover a balance due on future credits. For this defendant is not liable.

The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.